IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FRANK D. SCHIOTIS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-04-392-S-LMB |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| STATE OF IDAHO, JEFF CONWAY | ) | |
| (Warden), IDAHO CORRECTIONAL | ) | |
| CENTER, CORRECTIONS CORP. OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Pending before the Court in this habeas corpus action are Respondent's Motion for Summary Dismissal (Docket No. 8), Petitioner's Motion to Dismiss Respondent's Motion to File a Reply Brief and Motion for Summary Judgment (Docket No. 16), and Petitioner's Motion to Dismiss Respondent's Response to Petitioner's Motion for Summary Judgment (Docket No. 19). The parties have consented to the jurisdiction of a United States Magistrate Judge to determine the matter. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having completed a careful review of the above-entitled action, including the record herein and the record of the state proceedings, and having considered the arguments of the parties, the Court enters the following Memorandum Decision and Order.

MEMORANDUM DECISION AND ORDER - 1

# I.
# BACKGROUND

Petitioner was convicted of two violations of Idaho Code § 18-1506, sexual abuse of a minor, following a jury trial in the Fourth Judicial District Court of Idaho. Judgment was entered on March 16, 1995. *State's Exhibit A-1* (Docket No. 7). Petitioner was sentenced to two consecutive fifteen-year terms of imprisonment. *Id*. The Idaho Court of Appeals affirmed the judgment on October 3, 1997. *State's Exhibit B-7* (Docket No. 7). The Idaho Supreme Court denied the petition for review on December 24, 1997. *State's Exhibit B-10* (Docket No. 7).

On June 23, 1997, during the pendency of his direct appeal, Petitioner filed a state habeas corpus matter, which appears to be a prison conditions case asserting that he had been denied medical treatment in the prison in violation of the Eighth Amendment. The matter was dismissed on May 6, 1999. *State's Exhibit C-1* (Docket No. 7). Petitioner appealed the dismissal, but his appeal was dismissed on technical grounds on August 9, 1999. *State's Exhibit D-4* (Docket No. 7).

Petitioner had nothing pending in the state courts between August 9, 1999, and January 15, 2004, when he filed a habeas corpus petition in the Idaho Supreme Court. *State's Exhibit E-2* (Docket No. 7). His petition was denied on March 10, 2004. *State's Exhibit E-3* (Docket No. 7). Petitioner initiated this federal habeas corpus action on August 5, 2004.

## II.
## MOTION TO DISMISS

A.   **Standard of Law: Summary Dismissal and Statute of Limitations**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 2254(a). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.  Summary dismissal of a habeas petition on statute of limitations grounds is permissible so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (sua sponte dismissal).

The Petition in this case is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted in 1996.  Under AEDPA, petitioners have a one-year statute of limitations period within which to file a federal habeas corpus petition.  The one-year period usually begins to run from the date the state court judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (stopping) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral

MEMORANDUM DECISION AND ORDER - 3

review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitations period.

B.   **Discussion of Statute of Limitations Issue**

Petitioner's one-year federal statute of limitations began running on March 24, 1998, ninety days after the Idaho Supreme Court denied his petition for review on direct appeal. Assuming without deciding that Petitioner's statute of limitations period was tolled during Petitioner's first state habeas corpus matter (July 23, 1997 through August 9, 1999), the Court concludes that Petitioner's one-year federal statute of limitations expired no later than August 9, 2000. As a result, the Court concludes that the Petition is untimely. Petitioner's second state habeas petition, filed in January 2004, was too late to toll the federal statute of limitations, which had been expired for several years by the time Petitioner filed the second state action. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

C.   **Standard of Law Governing Equitable Tolling**

The limitations period may be equitably tolled under exceptional circumstances, allowing the federal court to hear the merits of a late petition. For equitable tolling to be applicable, a petitioner must show that extraordinary circumstances beyond his control

MEMORANDUM DECISION AND ORDER - 4

made it impossible to file the habeas petition in time.  *See Miles v. Prunty*, 187 F.3d 1104 (9th Cir.1999); *see also Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (holding that lack of access to AEDPA materials in prison may either equitably toll the statute or may constitute a state-created impediment that delays the beginning of the one-year period under 28 U.S.C. § 2244(d)(1)(B)).

D.      **Discussion of Equitable Tolling Issue**

In Petitioner's "Special Traverse to Answer Respondent's Brief" (Docket No. 13), Petitioner asserts that state created impediments caused him to miss his statute of limitations and that equitable tolling should be applied to his case.  Particularly, he asserts that prison officials (1) failed to notify him of AEDPA, and (2) failed to provide him with federal case law necessary to defend a habeas corpus action.

Petitioner argues that the prison legal resource center did not contain AEDPA and the statute of limitations until 2001.  Petitioner became generally aware of AEDPA in 2001.  Assuming without deciding that this allegation is true, and tolling the statute between 1999 and 2001, the Court concludes that Petitioner still missed his statute of limitations by approximately three years.

Petitioner argues that without federal case law, it is impossible to file a Petition showing that his conviction and sentence are "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  In *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir.

MEMORANDUM DECISION AND ORDER - 5

2000) (*en banc*), the Ninth Circuit Court held that the inadequacy of a prison library *could* constitute an impediment to filing under § 2244(d)(1)(B)[1] or could require equitable tolling.  In *Spitsyn v. Moore,* 345 F.3d 796 (9th Cir. 2003), the Ninth Circuit Court clarified that equitable tolling is available only when the petitioner shows (1) that "extraordinary circumstances beyond a prisoner's control *make it impossible* to file a petition on time" and that (2) "the extraordinary circumstances were the *cause* of his untimeliness." *Id*. at 799 (emphasis added, internal citation and punctuation omitted).

     Here, notwithstanding ample opportunities given to Petitioner to come forward with specific facts, he has failed to show *how* the lack of federal case law *particularly* caused him to miss the statute of limitations.  He does not state any facts showing that he diligently searched for federal law to serve as the basis for his claims and that his inability to find any federal law *actually prevented* him from filing his Petition for several years.  The Court also notes that to file a habeas corpus petition a petitioner need only allege a set of facts and a constitutional provision that has been violated; citations to case law are *not* required.  In addition, federal habeas corpus law requires that a petitioner first bring

---

[1] 28 U.S.C. § 2244(d)(1)(A)-(D) provides that  "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) *the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action*; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." (Emphasis added).

MEMORANDUM DECISION AND ORDER - 6

all of his federal claims in state court. Given that a federal habeas corpus petition necessarily should duplicate the federal claims presented in state court, it should not take a petitioner an inordinate amount of time or research to complete.

The Court is unconvinced that a habeas corpus petitioner needs to be able to survey United States Supreme Court case law before he can file a timely petition. Particularly, in Petitioner's case, he had his direct appeal briefing to rely upon, and he has come forward with no facts to create a causal link between the lack of case law and his late filing.

Finally, Petitioner's argument is unsupported by United States Supreme Court precedent, which this Court is bound to follow. In *Lewis v. Casey*, 518 U.S. 343, 351 (1996), the Court explained that there is no "abstract, freestanding right to a law library or legal assistance." While the *Casey* Court emphasized that prisoners have a constitutional right to be able to initially bring an action in court, it clarified that the Constitution does not require "the State [to] enable the prisoner to discover grievances, [or] to litigate effectively once in court. . . ." *Id*. at 354. The *Casey* Court suggested that a prison legal system need only provide "some *minimal access* to legal advice and a system of court-provided forms," and clarified that such forms be of the type "that ask[] the inmates to provide *only the facts and not [] attempt any legal analysis*." *Id*. at 352 (citations omitted, emphasis added). The *Casey* Court noted that a prisoner's inability to visit a law

MEMORANDUM DECISION AND ORDER - 7

library or to more fully litigate his claims are "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355.[2]

Because Petitioner has not shown that he is entitled to equitable tolling, his case shall be dismissed as untimely. As a result, the Court does not reach Respondent's alternative arguments for dismissal.

**E.     Standard of Law Governing Actual Innocence**

The Ninth Circuit has suggested that there may be an actual innocence exception to the one-year statute of limitations. *See Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002) (remanding to the district court to determine whether the petitioner had established a claim of actual innocence, and if so, to next decide "what consequence such a finding has with respect to AEDPA's one-year statute of limitations"). *Majoy* indicates that district courts should first consider whether a petitioner is actually innocent before deciding if an actual innocence exception to the statute of limitation exists. *Id*. at 777-78.

As to a claim that a person is actually innocent of a conviction, the United States Supreme Court has noted that, "[t]o be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with *new reliable evidence not presented at trial*." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added); see

---

[2]Petitioner's argument that he did not know of any *new* federal cases that might be grounds for relief in his case is also unavailing. In the vast majority of cases, the rule of *Teague v. Lane*, 489 U.S. 288 (1989), prevents petitioners from obtaining relief in habeas corpus based upon new principles of law not existing at the time of their conviction.

Griffin v. Johnson, 350 F.3d 956, 962-63 (9th Cir. 2003) (to meet *Schlup* standard, petitioner need not present newly *discovered* evidence, only newly *presented* evidence).

A claim of actual innocence requires a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). For example, types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

**F.     Discussion of Actual Innocence Issue**

Petitioner asserts that he is actually innocent. However, the facts supporting his actual innocence claim were, in fact, presented to the jury. Therefore, he has not met the *Schlup* standard. In addition, the facts he relies upon do not show his innocence in light of the totality of the evidence presented at trial.

Petitioner argues that the alleged victim's statement was inconsistent with the findings of the medical examination, and that the medical examination showed that the victim's hymen was intact. At closing argument, Petitioner's counsel emphasized that the medical examination evidence at trial showed "[n]othing consistent with the type of

MEMORANDUM DECISION AND ORDER - 9

penetration that this child claims had happened to her." *State's Exhibit A-2*, Trial Transcript, at pp. 1119-1121 (Docket No. 7).  Thus, the jury had the opportunity to consider this evidence.

Petitioner also argued that it would have been impossible for a person to place a large vibrator (which appears from the descriptions to have been more like a neck massager with a round spinning head) into the vagina of an eight-year-old child, as the victim asserted.  As part of the evidence admitted at trial, the jury had available in the jury room the vibrator seized in a search of Petitioner's residence.  During closing argument, Petitioner's counsel argued that the victim's testimony was implausible given the type of vibrator in evidence.  *Id*. at p. 1121, 1129.  Therefore, the jury was able to assess this contention for themselves.

Petitioner also argues that the victim had previously engaged in sexual incidents with her cousin (a child), and that the cousin, not Petitioner, was responsible for the victim's descriptions of sexual incidents.  This evidence was presented to the jury, and Petitioner's counsel used it in his closing argument.  *See id*., at p.1115.

In conclusion, Petitioner has brought forward nothing new; the jury heard and saw the evidence upon which Petitioner relies, and the jury obviously rejected it as grounds for acquittal.  Because Petitioner relies only upon evidence actually presented at trial, and the totality of the evidence adequately supports the conviction, the Court concludes that he has not met the *Schlup* standard, and an evidentiary hearing is not necessary.

### III.

### PLAINTIFF'S MOTIONS

Petitioner filed a Motion to Dismiss Respondent's Motion to File a Reply Brief and Motion for Summary Judgment (Docket No. 16) on January 19, 2005.  Respondent filed a late reply and simultaneously sought an extension of time for the late reply.  No prejudice to Petitioner resulted from the late filing, and the Court granted the motion for extension of time (Docket No. 17).  Therefore, Petitioner's Motion to Dismiss is moot.  Petitioner's Motion for Summary Judgment, based upon Respondent's "procedural default of claims" is without legal basis and is denied.  *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (default judgment is not available in habeas corpus actions).

Petitioner filed a Motion to Dismiss Respondent's Response to Petitioner's Motion for Summary Judgment (Docket No. 19) on February 24, 2005.  The Motion seeks Dismissal of Respondent's Response because Petitioner disagrees with Respondent's argument.  This is not a proper ground for dismissal.  Therefore, the Motion to Dismiss Respondent's Response is denied.

### IV.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.  Respondent's Motion for Summary Dismissal (Docket No. 8) is GRANTED.

MEMORANDUM DECISION AND ORDER - 11

B.     Petitioner's Motion to Dismiss Respondent's Motion to File a Reply Brief (Docket No. 16-1) is MOOT, and Petitioner's Motion for Summary Judgment (Docket No. 16-2) is DENIED.

C.     Petitioner's Motion to Dismiss Respondent's Response to Petitioner's Motion for Summary Judgment (Docket No. 19) is DENIED.

DATED: **June 15, 2005**.

/s/ Larry M. Boyle
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge